# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KEVIN D. JONES,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:18-cv-694
Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Kevin D. Jones brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI"). This matter is before the Court on plaintiff's statement of errors (Doc. 10), the Commissioner's response in opposition (Doc. 14), and plaintiff's reply memorandum (Doc. 15).

## I. Procedural Background

Plaintiff filed his application for SSI in November 2015, alleging disability since November 14, 1991, due to bipolar disorder and attention deficit hyperactivity disorder ("ADHD").[1] The application was denied initially and upon reconsideration. Plaintiff, through counsel, requested and was afforded a hearing before administrative law judge ("ALJ") William Diggs on January 8, 2018. Plaintiff and a vocational expert ("VE") appeared and testified at the ALJ hearing. On March 29, 2018, the ALJ issued a decision denying plaintiff's SSI application. Plaintiff's request for review by the Appeals Council was denied, making the decision of ALJ Diggs the final administrative decision of the Commissioner.

---

[1] The parties note that plaintiff previously received SSI benefits as a child from September 2005 through May 2011, but his benefits ceased when he became incarcerated. (Doc. 10 at 2 (citing Tr. 59); Doc. 14 at 2 (citing to Tr. 21, 242, 280, 339)).

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for SSI, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 416.920(a)(4)(i)-(v), 416.920 (b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to

perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

## B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

> 1. The [plaintiff] has not engaged in substantial gainful activity since November 3, 2015, the application date (20 CFR 416.971, *et seq*).
>
> 2. The [plaintiff] has the following severe impairments: borderline intellectual functioning (BIF), attention deficit disorder (ADD), and attention deficit/hyperactivity disorder (ADHD) (20 CFR 416.920(c)).
>
> 3. The [plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, [the ALJ] finds that the [plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The [plaintiff] is limited in his ability to understand, remember, or apply simple, routine or repetitive tasks. He would be able to interact with supervisors and coworkers on an occasional, brief and superficial basis, and have no contact with the public. He could tolerate only occasional changes in the work setting.
>
> 5. The [plaintiff] has no past relevant work (20 CFR 416.965).
>
> 6. The [plaintiff] was born [in] . . . 1991 and was 23 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The [plaintiff] has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

3

9. Considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform (20 CPR 416.969 and 416.969(a)).[2]

10. The [plaintiff] has not been under a disability, as defined in the Social Security Act, since November 3, 2015, the date the application was filed (20 CFR 416.920(g)).

(Tr. 17-25).

### C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails

---

[2] The ALJ relied on the VE's testimony to find that plaintiff would be able to perform the requirements of medium exertion, unskilled occupations such as cleaner (90,000 jobs nationally); sorter (140,000 jobs nationally); and packager (73,000 jobs nationally). (Tr. 25, 51-52).

4

to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545–46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

**D. Assignment of Error**

On appeal, plaintiff raises a single assignment of error: that the ALJ erred at Step 5 of the sequential evaluation process by finding other work that plaintiff could perform based on a residual functional capacity ("RFC") that precluded such work. (Doc. 10).

The ALJ gave plaintiff an RFC for work that limited plaintiff's interactions with supervisors and coworkers. The ALJ found that plaintiff "would be able to interact with supervisors and coworkers on an occasional, brief and superficial basis." (Tr. 19). The VE testified that there would be no work that an individual could perform involving superficial contact with a supervisor, which the VE testified is less than occasional contact. (Tr. 51). Given the VE's testimony, plaintiff argues that the ALJ erred by concluding that plaintiff could perform other work in the national economy. (Doc. 10).

In response, the Commissioner argues that the ALJ's decision inadvertently included a written limitation for interaction with supervisors on a superficial basis. (Doc. 14 at 5). The Commissioner argues that the ALJ intended to limit plaintiff to occasional, not superficial, interaction with his supervisors as indicated in the second hypothetical question to the VE. (*Id.*). The Commissioner argues that the second hypothetical question the ALJ posed to the VE limited plaintiff to occasional interaction with supervisors and found that plaintiff could perform the jobs of cleaner, packager, and sorter. (*Id.*). The Commissioner contends that the ALJ's intent is

5

reinforced by the fact that the ALJ only gave some weight to the state agency reviewing physicians, who opined that plaintiff could interact with supervisors on a superficial basis. (*Id.*). The Commissioner further contends that the ALJ's intent is also reinforced by the ALJ's determination that plaintiff had no more than moderate restrictions in his ability to maintain social functioning. (*Id.* at 6). Thus, the Commissioner maintains that "[t]he ALJ's residual functional capacity finding should be read as intended and as consistent with his second hypothetical question, which included a limitation to occasional interaction with supervisors." (*Id.*). Based on the ALJ's "intended" RFC finding, the Commissioner contends the ALJ's Step 5 finding is supported by substantial evidence and should be affirmed.

In reply, plaintiff contends that the Commissioner's response is based on "pure conjecture" because the ALJ asked the VE two hypotheticals at the hearing and the ALJ's written decision used the limitation from the first hypothetical with the response from the second hypothetical. (Doc. 15 at 1). Plaintiff argues that it "would be improper to make an assumption that the ALJ intended a different limitation than what is in the ALJ's decision." (*Id.* at 2).

When the ALJ examined the VE at the hearing, the ALJ first asked the VE the following hypothetical question:

> So please assume, a hypothetical individual, claimant's age, education, and work experience, who is capable of all exertional levels, but the hypothetical individual would be limited to the ability to understand, remember, and apply simple, routine, repetitive tasks. *Is able to interact with supervisors and coworkers on an occasional, brief, and superficial basis*, with no contact with the public. And would only be able to deal with occasional changes in the work setting. With those limitations, would there be any work that such an individual could do with those limitations?

(Tr. 50) (emphasis added). The VE responded: "Not with superficial contact with a supervisor." (Tr. 51). The VE stated that the definition of "superficial" would have the effect of reducing the

6

contact with supervisors to less than occasional. (*Id.*). The ALJ then asked the VE a second hypothetical question:

> For Hypothetical number two, if the hypothetical individual were able to understand, remember, and apply simple and routine repetitive tasks, *would be capable of occasional contact with supervisors, and coworkers* and no contact with the public. And would only be able to deal with occasional changes in the work setting, would there be any work that an individual could do with those limitations?

(*Id.*) (emphasis added). The VE answered "yes" to this second hypothetical question and indicated that plaintiff could perform the requirements of medium-exertional unskilled jobs such as cleaner, packager, and sorter. (Tr. 51-52).

The ALJ is charged with the final responsibility in determining a claimant's RFC. *See* 20 C.F.R. § 416.927(d)(2) (the final responsibility for deciding the RFC is "reserved to the Commissioner."). The ALJ is responsible for assessing a claimant's RFC based on all of the relevant medical and other evidence. 20 C.F.R. § 416.945(a)(3). *See also Moore v. Astrue*, No. CIV. A. 07-204, 2008 WL 2051019, at *5-6 (E.D. Ky. May 12, 2008) (the ALJ is responsible for assessing the claimant's RFC by examining all the evidence in the record) (citing 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c)); *Bingaman v. Comm'r of Soc. Sec.*, 186 F. App'x 642, 647 (6th Cir. 2006)). In this case, when determining plaintiff's RFC, the ALJ found that plaintiff could perform a full range of work with a variety of mental limitations. (Tr. 19). In relevant part, the ALJ found that plaintiff would "be able to interact with supervisors and coworkers on an occasional, brief and superficial basis." (*Id.*).

The ALJ's conclusion that plaintiff could perform the requirements of representative jobs such as cleaner, packager, and sorter based on the ALJ's RFC finding is not supported by substantial evidence. As summarized above, the VE testified that there would be no work available if plaintiff were limited to work involving superficial (less than occasional) contact

7

with supervisors. The ALJ made an RFC finding that limited plaintiff to having contact with supervisors and coworkers on an occasional, brief and *superficial basis*. Thus, the ALJ erred in determining that plaintiff could perform other jobs in the national economy with the RFC limitation of interacting with supervisors and coworkers on an occasional, brief, and superficial basis when the VE testimony was to the contrary. There is no evidence in the current record that a substantial number of jobs exist for an individual who is limited to superficial contact with supervisors and coworkers. Thus, the ALJ erred in his Step 5 finding.

The Commissioner argues that the ALJ made a mistake and actually intended to limit plaintiff to occasional, not superficial, interaction with his supervisors as indicated in the second hypothetical question to the VE. However, the language of the RFC mirrors the exact language of the limitations that the ALJ included in his first hypothetical question to the VE, where the VE answered that there would be no work for plaintiff to perform if he were limited to interaction with supervisors and coworkers on a superficial basis. Thus, on the current record, it is not clear whether the ALJ made a mistake in the articulation of his RFC finding, as the Commissioner contends. Plaintiff's single assignment of error should therefore be sustained.

### III. This matter should be reversed and remanded for further proceedings.

If the ALJ failed to apply the correct legal standards or his factual conclusions are not supported by substantial evidence, the Court must decide whether to remand the case for rehearing or to reverse and order an award of benefits. Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Remand is appropriate if the Commissioner applied an erroneous principle of law, failed to

consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994). Remand for payment of benefits is warranted only "where proof of the disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*.

This matter should be reversed and remanded pursuant to sentence four of § 405(g) for further proceedings. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish plaintiff's entitlement to benefits. *See Faucher*, 17 F.3d at 176. Given the ambiguity between the ALJ's RFC determination and the VE's testimony, the Court is unable to conclude that the proof of disability is strong enough to remand for payment of benefits. On remand, the ALJ should clarify plaintiff's RFC finding and the discrepancy between his determination that plaintiff can "interact with supervisors and coworkers on an occasional, brief and superficial basis" and the VE's conclusion that there would be no work available if an individual with plaintiff's limitations could only interact with supervisors and coworkers on a superficial basis.

**IT IS THEREFORE RECOMMENDED THAT**:

The decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Date: 11/12/19

Karen L. Litkovitz
United States Magistrate Judge

9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KEVIN D. JONES,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:18-cv-694
Black, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).